UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KRZYSZTOF WASIK,<br><br>Defendant. | Magistrate No. 13-0264<br>DAR |

### MEMORANDUM OPINION

On July 15, 2013, Defendant, through counsel, orally moved to dismiss this matter, contending that the government failed to file an indictment in accordance with the Speedy Trial Act, 18 U.S.C § 3161, *et seq*. The court heard argument with respect to Defendant's motion on July 15 and July 16, 2013, and denied the motion in a ruling from the bench. The court now sets forth its findings in greater detail.

### BACKGROUND

Defendant Krzysztof Wasik is charged by criminal complaint with threatening and conveying false information concerning the use of an explosive, in violation of 18. U.S.C. § 844(e). Criminal Complaint (Document No. 1). The government alleges that Defendant approached a United States Secret Service Officer outside of the White House, told her that he had a bomb in his truck, and refused to tell her additional information unless he was permitted to speak with the President. Statement of Facts in Support of Complaint (Document No. 1-1). Defendant appeared before the undersigned for an initial appearance on April 10, 2013. Upon motion by Defendant's counsel, the court ordered a preliminary competency screening of

Defendant pursuant to Title 24, Section 531.03, of the District of Columbia Code.

The District of Columbia Department of Mental Health completed the examination on April 11, 2013, and advised the court through its written report that Defendant is incompetent to stand trial. Thereafter, at a status conference conducted on April 12, 2013, counsel for Defendant moved for a further examination, pursuant to 18 U.S.C. § 4241, which the undersigned granted. On the record at the status hearing, counsel for the government requested that the time for the evaluation be excluded from computation under the Speedy Trial Act. Defendant made no objection, and the court found that the period of time from April 12 through June 5, 2013 was excluded under the Act.

Defendant was transported to the Federal Bureau of Prisons' Federal Medical Center Devens, and arrived there on April 25, 2013. *See* May 9, 2013 Letter (Document No. 3). The evaluation concluded on June 14, 2013, and the examiners issued the forensic report on June 19, 2013. The examiners advised that Defendant is not competent at this time, and recommended that he be committed for further evaluation and treatment for restoration of competency. Counsel represent that Defendant left the Devens facility on June 28, 2013, and arrived at the District of Columbia jail on July 10, 2013. *See* Government's Opposition to Defendant's Motion to Dismiss the Complaint ("Opposition") (Document No. 4) ¶ 11.

Defendant appeared before the undersigned for a consolidated preliminary hearing and detention hearing on July 15, 2013; however, the court conducted a status hearing instead, after Defendant, through counsel, orally moved to dismiss this matter under the Speedy Trial Act. The court heard argument, and continued the status hearing to July 16, 2013. In doing so, the court, on its own motion, excluded one day under the Speedy Trial Act, finding, for the reasons set

forth on the record, that it was in the interest of justice to do so. After hearing additional argument with respect to the motion on July 16, 2013, the court denied Defendant's motion.

**CONTENTIONS OF THE PARTIES**

In moving to dismiss, Defendant, through counsel, argued that the government failed to return an indictment in accordance with 18 U.S.C. § 3161(b). Defendant acknowledged that the Speedy Trial Act contemplates exclusion of time for delay due to competency examinations, but submitted that 18 U.S.C. § 4247(b) limits such an exclusion to thirty days, or forty-five if the examiner requests an extension. Defendant's counsel calculated fifty-five days, from the date he arrived at Federal Medical Center Devens to the date the examiners completed their report, and thus argued that the government violated the Speedy Trial Act in exceeding the excludable time.

Counsel for the government argued that Defendant was found to be incompetent on April 11, 2013, following his preliminary screening, and accordingly, § 3161(h)(4) allowed for the entire period of time from that date onwards to be excluded under the Act. Counsel for the government subsequently argued that even under § 3161(h)(1)(A), the entire period of time from Defendant's initial appearance, when a preliminary screening was ordered, until present, is excludable.

Defendant, in response, argued that § 3161(h)(1)(A), and not (h)(4), governed his situation because the court had not yet found Defendant to be mentally incompetent, and maintained that the statutory provisions delineating the time frame for competency evaluations limits the time excludable under the Speedy Trial Act.

**DISCUSSION**

The Speedy Trial Act provides for exclusion of time "in computing the time within which an information or an indictment must be filed," for "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial." 18 U.S.C. § 3161(h)(4). As the language suggests, this provision applies when the defendant has been deemed mentally incompetent to stand trial. Here, although the court had ordered examinations to ascertain Defendant's competence, the court did not make a finding regarding his competence until July 16, 2013. Accordingly, this provision is not applicable to the time frame at issue. *See United States v. Bauer*, 286 F. Supp. 2d 31, 33-34 (D.D.C. 2003) (finding that subsection (h)(4) did not apply where this court had ordered examination of the defendant, but had not determined that the defendant was incompetent).

Rather, applicable here is the Act's provision for the exclusion of time for "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant[.]" § 3161(h)(1)(A). The government argued that, under this provision, the excludable time is the entire period from when "the Court ordered the competency evaluation" until "a hearing regarding the defendant's competency is held." Opposition ¶ 6. In support of this contention, counsel for the government relied on *United States v. Graves*, No. 12-2688, 2013 WL 3112703 (3d Cir. June 21, 2013). In *Graves*, the court held that "the period of excludable delay under § 3161(h)(1)(A) begins when a party moves for, or the court *sua sponte* orders, a competency determination . . . . [and] continues at least until a competency hearing is held . . . ." *Id.* at *3. In arguing that the entire period from April 12, 2013 onward should be excluded, *see* Opposition ¶ 8, the government does not address the time period attributable to delays from transportation to and from the places of examination. *See* §

United States v. Wasik                                                                                                          5

3161(h)(1)(F).

  Pursuant to the statute, "any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable[.]" § 3161(h)(1)(F). The court declines to adopt the government's calculation, because it does not take this provision into account. *See United States v. Sparks*, 885 F. Supp. 2d 92, 101 (D.D.C. 2012) (citations omitted) (reading the (h)(1)(F) sub-section "separately" from another sub-section, and noting that "[s]uch a reading comports with the doctrine of statutory interpretation that no part of a statute should be read to exist as 'mere surplusage'"); *Bauer*, 286 F. Supp. 2d at 34 ("Defendant's sitting in a jail cell waiting to be transported cannot possibly be described as a proceeding and, therefore, invoke [the (h)(1)(A)] exclusion."). Indeed, the authority relied on by the government noted, in parentheticals, that cases that it cited assessed transportation time separately. *See Graves*, 2013 WL 3112703, at *3 (citing, *inter alia*, *United States v. Tinklenberg*, 579 F.3d 589, 596 (6th Cir. 2009); *United States v. Noone*, 913 F.2d 20, 25-26 (1st Cir. 1990)).

  Defendant's contention that the exclusion allowed by (h)(1)(A) is limited by the time provisions of 18 U.S.C. § 4247(b) is also not persuasive. Section 4247(b) provides that "the court may commit the person to be examined for a reasonable period, but not to exceed thirty days . . ." and that "[t]he director of the facility may apply for a reasonable extension, but not to exceed fifteen days . . . ." The government, relying on authority from the Sixth Circuit, counters that this statutory provision does not limit time that is excludable under the Speedy Trial Act. *See* Opposition at 3-4; *United States v. Zabawa*, 11-1519, 2013 WL 2372281, at *6 (6th Cir. June 3, 2013) (citation omitted) (internal quotation marks omitted) ("§ 4247(b) does not limit the time

period for a competency evaluation with respect to calculations under the Speedy Trial Act."); *United States v. Murphy*, 241 F.3d 447, 455-56 (6th Cir. 2001) (concluding "that § 4247(b) does not limit the time excludable under the Speedy Trial Act for mental competency examinations" after noting that "[e]very court that has decided this issue has [so] concluded . . . ."). Defendant acknowledged this authority, but maintained his position given that the District of Columbia Circuit has not squarely addressed the issue.

The undersigned observes that nothing in the language of subsection (h)(1)(A) suggests that the delay resulting from competency evaluations shall be limited to thirty, or forty-five days, with respect to exclusion under the Speedy Trial Act. *See United States v. Miranda*, 986 F.2d 1283, 1285 (9th Cir. 1993) (citations omitted) (noting that "[t]o the contrary, section 3161(h)(1)(A) expressly excludes 'any period of delay . . . '" and observing that "[a]lthough it was certainly capable of doing so, Congress gave no indication that 18 U.S.C. § 4247(b) modifies section 3161(h)(1)(A)"). Further, Defendant has offered no authority in support of his contention.

Having addressed the parties' contentions regarding the applicable calculation, the court now makes the following findings. The period of time from April 10, 2013 to April 12, 2013 is excluded since the delay was the result of the initial competency screening ordered by the court. *See* § 3161(h)(1)(A). The period of time from April 12, 2013 to June 5, 2013 is excluded pursuant to the April 12, 2013 finding by the court. The period of time from June 6, 2013 to June 19, 2013 is excluded since the delay was the result of the evaluation conducted at Federal Medical Center Devens.

The court finds that the period of time from June 20, 2013 to July 10, 2013, the date on

United States v. Wasik                                                                                                              7

which Defendant arrived at the District of Columbia jail, was a "delay resulting from transportation . . . from places of examination . . . ." *See* § 3161(h)(1)(F).  Because the delay was longer than ten days, it is presumptively unreasonable.  *See id.*  The government has offered no rebuttal to this presumption.  Accordingly, only ten days are excluded under the Speedy Trial Act; the remaining ten days will be counted.

Further, the period of time from July 11, 2013 to July 15, 2013, the date of Defendant's scheduled preliminary hearing and detention hearing, will be counted, since no examinations were pending and the delay did not result from Defendant's transportation to or from an examination.  The court excluded the one-day period of time from July 15, 2013 to July 16, 2013, pursuant to subsection (h)(7)(A).

Therefore, only fifteen days were not excludable under the Act.  For these reasons, and the reasons articulated in the court's oral ruling, Defendant's motion to dismiss is denied.


July 25, 2013                                                                      /s/
                                                                          DEBORAH. A. ROBINSON
                                                                          United States Magistrate Judge